UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GROVER D. JAMES,

    Plaintiff,

v.	Case No. 4:19cv583-AW-HTC

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, files this action against prison officials for violating his Eighth Amendment rights by allowing paperwork containing information regarding the basis for his transfer to a Florida prison to be mixed up with another inmate's property. ECF Doc. 11. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After screening his initial complaint (ECF Doc. 1), the undersigned issued an order advising Plaintiff that his complaint failed to state a claim under the Eighth Amendment and allowing Plaintiff an opportunity to file an amended complaint. Plaintiff filed an amended complaint on February 12, 2020.

The undersigned has screened the amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and for the reasons set forth herein, respectfully recommends this action be DISMISSED for failure to state a claim on which relief may be granted.

## I.     FACTUAL BACKGROUND

Plaintiff is currently in the custody of the Kansas Department of Corrections and confined at El Dorado Correctional Facility in El Dorado, Kansas. The allegations in Plaintiff's amended complaint, however, concern events that took place while Plaintiff was in the custody of the Florida Department of Corrections ("FDOC") and confined at Jefferson Correctional Institution ("Jefferson CI") in Monticello, Florida. His amended complaint names four (4) defendants: Jefferson CI officials Captain Davis, Captain Wilson, Lieutenant Belamey, and Officer Morris.[1] ECF Doc. 11 at 1-2. The amended complaint sets forth the factual allegations that follow, the truth of which are accepted for purposes of this Order.

Plaintiff was transferred to FDOC custody "on Interstate Compact"[2] for safety reasons. *Id.* at 5. While confined at Jefferson CI, Defendants conducted a search of

---

[1] Although Plaintiff does not name Officer Morris in the "II. Defendant(s)" section of his complaint, Officer Morris is included in the case style of the complaint as well as the statement of facts.
[2] Plaintiff presumably refers to the Interstate Commission for Adult Offender Supervision, a nationwide compact that regulates the supervision of inmates who move across state lines.

Case No. 4:19cv583-AW-HTC

Plaintiff's dorm. Plaintiff alleges that, during the search, his paperwork was "thrown all over the place" and consequently "got mixed up with other inmate's property."[3] *Id.*

The paperwork contained Plaintiff's interstate compact information. Namely, it identified the reason Plaintiff was transferred to FDOC custody was because he had killed a "top rank Gangsta Disciple's Son." *Id.* at 6. Plaintiff alleges Captain Davis "knew [he] was on interstate compact because [he] had spoken to [Plaintiff] when [Plaintiff] first got to Jefferson CI" and also knew Plaintiff was transferred to FDOC custody for his safety. *Id.* at 5. Plaintiff further alleges Lieutenant Belamey and Officer Morris "knew what the paperwork was" because (1) it had "Interstate Compact" written on it in bold letters and (2) the envelope "was torn open when it had been sealed before." *Id.* at 6. As to Wilson, Plaintiff alleges he had access to Plaintiff's personal file. *Id.*

Plaintiff alleges the contents of the paperwork "put [his] life in danger" and he was subsequently placed in restrictive housing. *Id.* at 6-7. Although not specifically set out in Plaintiff's amended complaint, in Plaintiff's initial complaint, he explains that "a statewide hit [was] placed on his life, and he [was] forced to live

---

[3] For purposes of this Order, the Court has corrected quotes from the amended complaint as needed without separately identifying the corrections.

Case No. 4:19cv583-AW-HTC

in a restricted housing unit, under protective custody, because he [was] no longer safe in general population."[4] ECF Doc. 1 at 5.

He alleges that Defendants' failure to "not secure" the paperwork "and properly place it back where it was" was reckless and detrimental to his safety. *Id.* at 6. Based on the foregoing, Plaintiff alleges Defendants failed to protect him in violation of the Eighth Amendment. As relief, he seeks "compensation in the amount of $200,000.00[] for the mental anguish [and] stress of be[ing] kept in restrictive housing and pain on antidepressant meds." *Id.* at 7.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis* and is a prisoner seeking relief against governmental employees, the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court must read

---

[4] Because the Court is to read Plaintiff's complaint liberally, for purposes of this Order the undersigned will consider the factual allegations in Plaintiff's amended complaint and initial complaint. *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015) ("[t]he Court may consider the original Complaint and Plaintiffs' other filings, including sworn statements, in evaluating the Amended Complaint [on a MTD]"); *Little v. City of New York*, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("[b]ecause the plaintiff is proceeding *pro se*, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading); *Roth v. Farmingdale Union Free Sch. Dist.*, 2019 WL 3281126, at *1 n. 2 (E.D.N.Y. July 19, 2019) ("All facts are taken from the complaint, amended complaint, and attached exhibits. . . . Courts ordinarily do not consider prior iterations of a complaint, but because the plaintiff proceeds *pro se*, I interpret both the original and amended complaint together as the operative complaint").

Case No. 4:19cv583-AW-HTC

Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal under this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  DISCUSSION

Plaintiff's claims are subject to dismissal because, despite being given the opportunity to more carefully craft his complaint, Plaintiff's amended complaint is devoid of any facts to show that Defendants acted with deliberate indifference in failing to secure his paperwork or violated his constitutional rights by placing him in restrictive housing. Plaintiff is also not entitled to any recovery against the Defendants because he has failed to allege that he suffered from *any* physical injury.

Additionally, because Plaintiff was previously advised of the deficiencies in his initial complaint and allowed to amend, the undersigned finds that a second amendment would be futile. *See Sirmans v. Williams*, 2009 WL 1788186, at *2

Case No. 4:19cv583-AW-HTC

(N.D. Fla. June 22, 2009) ("[s]ufficient opportunities have been provided to Plaintiff to make the allegations necessary, and no further chances should be extended").

### A. Plaintiff's Eighth Amendment Claim

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (*quoting Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (alterations and internal quotations omitted). To state a failure to protect claim under the Eighth Amendment, a plaintiff must demonstrate: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

"To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Purcell v. Toombs Cty.*, 400 F.3d 1313, 1319-20 (11th Cir. 2005). Moreover, for a defendant to have knowledge of a risk of harm, "[t]here must be a 'strong likelihood' of injury, 'rather than a mere possibility.'" *Id.* (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)). Specifically, there must be factual allegations showing that "the prison official [was] aware of specific facts from which an inference could be drawn that a substantial

Case No. 4:19cv583-AW-HTC

risk of serious harm exists." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

Thus, a prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Caldwell*, 748 F.3d at 1099 (emphasis omitted) (quoting *Carter*, 352 F.3d at 1349) (internal quotation marks omitted). The defendant's response, however, even if inadequate, must amount to more than gross negligence. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013); *see also Brown*, 894 F.2d at 1537 ("[m]erely negligent failure to protect an inmate from attack does not justify liability under section 1983").

In this case, Plaintiff fails to allege facts sufficient to show the existence of any of the elements of a failure to protect claim. First, Plaintiff does not allege that Defendants knew the paperwork contained information about Plaintiff killing a gang member's son. Instead, Plaintiff alleges only that Davis, Morris and Belamey knew the paperwork was about an interstate compact and that Wilson had access to his personal file. Second, even assuming, *arguendo*, that Defendants knew what was in Plaintiff's paperwork, Plaintiff has failed to allege that any of the Defendants knew disclosure of Plaintiff's paperwork would result in threats to his life.

The only information Plaintiff alleges was in his paperwork is that he was transferred to FDOC custody because he killed a "top rank Gangsta Disciple's Son."

Case No. 4:19cv583-AW-HTC

ECF Doc. 11 at 6. He does not allege any facts showing how that information, alone, would have alerted Defendants that Plaintiff would be in a substantial risk of harm if the information was disclosed. Plaintiff does not allege any facts showing that knowledge by other inmates at Jefferson CI of why Plaintiff was transferred there would necessarily have resulted in statewide threats on his life. *See Brown*, 894 F.2d at 1537 (finding plaintiff failed to demonstrate knowledge of a strong likelihood of assault where the only warning to prison official was that there was a "racial problem" in plaintiff's cell but plaintiff did not say he had been threatened, that an attack was imminent, or that he feared an attack).

At best, Plaintiff has alleged that Defendants *should have* known that the information in his paperwork, if disclosed, could endanger his life. However, "an official's failure to alleviate a risk that he *should have* perceived but did not" is not sufficient to violate the Eighth Amendment. *See Farmer*, 511 U.S. at 838. Thus, Plaintiff has failed to allege facts sufficient to show that he was in a substantial risk of harm and that Defendants were subjectively aware he was in a substantial risk of harm.

Third, even if Defendants *were* aware of a substantial risk of harm to Plaintiff, Plaintiff has failed to allege any facts showing that Defendants' conduct amounted to more than mere negligence. Plaintiff alleges simply that his paperwork was "all over the place" and thus "got mixed up with other inmate's property." ECF Doc. 11

Case No. 4:19cv583-AW-HTC

at 5. He does not allege any facts about how the mix-up occurred, such as how the papers came to be scattered, who exactly was responsible, whether such action was accidental or intentional, whether the responsible party was even aware of its occurrence, or where the papers were located in his dorm room. Defendants may have been negligent in mixing up Plaintiff's paperwork, but simple negligence is not actionable under § 1983. *See Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 14 (11th Cir. 2010). Instead, a plaintiff must allege "a conscious or callous indifference to a prisoner's rights." *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982).

Plaintiff, however, has alleged no facts to show that Defendants acted with a "culpable" state of mind. In other words, he has alleged no facts to show that any of the Defendants intentionally or recklessly let his papers get mixed up with those of another inmate to harm Plaintiff. To the contrary, Plaintiff alleges that after the threats were made, he was placed in restrictive housing, which shows that Defendants acted reasonably to protect him. Although Plaintiff alleges Defendants' failure to not "properly place [his paperwork] back where it was" was "reckless," ECF Doc. 11 at 6, that allegation is far too conclusory to be accepted as true without factual support. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (finding courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). In other words, just because Plaintiff calls the conduct reckless does not make it so.

Case No. 4:19cv583-AW-HTC

Finally, Plaintiff has failed to allege any facts to show that Defendants' conduct caused threats to be made against his life. He does not, for instance, identify to whom the information was disclosed or who made the threats against his life. Instead, Plaintiff simply alleges, in conclusory fashion, that the mix-up of his paperwork with another inmate's resulted in statewide threats to his life. Such conclusory allegations, however, are insufficient. *See Frank v. United States*, 789 F. App'x 177, 180 (11th Cir. 2019) (citing *Iqbal*, 556 U.S. at 678; *Sirmans*, 2009 WL at *2 (dismissing failure to protect claim based on conclusory allegations under § 1915)).

### B.     Plaintiff Is Not Entitled To Relief For Being Placed In Protective Management

In the relief section of Plaintiff's amended complaint, he seeks compensation for being placed in restrictive housing. Plaintiff, however, has failed to allege any facts to show that his placement in restrictive housing (which he does not dispute was done for his safety) resulted in a constitutional violation. Generally, claims relating to the classification of a prison are brought under the Due Process Clause. Although Plaintiff does not specifically allege that his due process rights were violated, reading his complaint liberally, the undersigned considered whether Plaintiff has stated a due process claim and finds that he has not.

The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. Plaintiff does not

Case No. 4:19cv583-AW-HTC

allege that his placement in restrictive housing resulted in a deprivation of property or life. With regard to liberty, there are two circumstances in which a prisoner can be deprived of his liberty such that due process is required. The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. *See, e.g., Vitek v. Jones*, 445 U.S. 480, 492–93 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital). The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See, e.g., Wolff v. McDonnell,* 418 U.S. 539, 558 (1974) (prisoners may not be deprived of statutory "good-time credits" without due process); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999) (finding liberty interest in deprivation of yard time).

Plaintiff has provided no facts regarding the conditions of his confinement in restrictive housing. He provides no facts regarding what benefits he was deprived of, in any, as is necessary for the Court to determine whether he has been deprived of his liberty. *See Spaulding v. Bass*, 2016 WL 4750075, at *9 (N.D. Fla. Aug. 10, 2016) (Plaintiff "provided no evidence showing that his segregation was a 'significant deprivation' from the presumed benefit of being housed in general population"), *report and recommendation adopted*, 2016 WL 4766480 (N.D. Fla.

Case No. 4:19cv583-AW-HTC

Sept. 9, 2016). He also does not state how long he was required to be in restrictive housing before he was transferred from Jefferson CI. *See Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months of confinement in administrative segregation was not a deprivation of a constitutionally protected liberty interest); *Perez v. Humphries*, 2011 WL 6960817, at *3 (N.D. Fla. Dec. 6, 2011) (finding plaintiff's placement in disciplinary confinement for 60 days was not sufficient to trigger constitutional due process protections), *report and recommendation adopted sub nom. Perez v. Humprhies*, 2012 WL 32566 (N.D. Fla. Jan. 6, 2012).

Moreover, he does not dispute that restrictive housing was necessary to protect him. Additionally, whether Plaintiff should have been placed in restrictive housing is a decision that lies squarely under the purview of prison administration, and this Court should be hesitant to interfere with the administrative processes of a prison. *See e.g., Brown v. Anglin*, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016), *report and recommendation adopted sub nom. Brown v. Holland*, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016) ("granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate").

### C. Plaintiff Has Failed To Allege Any Physical Injury

As an additional ground for dismissal, Plaintiff has failed to allege that he has suffered *any* injury arising from Defendants' conduct. As stated above, Plaintiff seeks compensatory damages for "mental anguish and stress" of $200,000.00. However, according to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

Since Plaintiff has failed to allege *any* physical injury, he is not entitled to compensatory damages. Additionally, while a lack of a physical injury might warrant the recovery of nominal damages (where a violation has been established), Plaintiff has not sought nominal damages in this case. *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015). Thus, his amended complaint is subject to dismissal. *See Quinlan v. Personal Transport Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (affirming dismissal of Eighth Amendment claim under § 1915(e) screening because the plaintiff had alleged no physical injury as required under the PLRA); *see also Daniels v. Field Operations Manager Upton,* 2016 WL 4491844, at *5 (S.D. Ga. August 25, 2016) (dismissing claims for compensatory and punitive damages where no physical injury had been alleged).

## IV.     CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1.     Plaintiff's amended complaint (ECF Doc. 11) be DISMISSED for failure to state a claim on which relief may be granted.

2.     The clerk be directed to close this file.

Done in Pensacola, Florida this 18th day of March, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.